UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **KENNETH BECKNELL**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:23-cv-1170 |
| | Judge: |
| **J. FERGUSON RESTORATION, INC.**, a Florida corporation, | Mag. Judge: |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **KENNETH BECKNELL** ("**BECKNELL**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Americans with Disabilities Act (ADA), Florida Civil Right Act (FCRA) and Florida common law for (1) discrimination in violation of the ADA, (2) discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, (4) retaliation in violation of the FCRA, and (5) breach of contract.

1

## PARTIES

2. The Plaintiff, **KENNETH BECKNELL** ("**BECKNELL**") is an individual who at all material times resided in Lee County, Florida and who worked for the Defendant in Lee County, Florida.

3. Defendant, **J. FERGUSON RESTORATION, INC.** ("Defendant") is a Florida corporation that employed **BECKNELL** in Lee County, Florida. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

6. **BECKNELL** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on September 28, 2023 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

## GENERAL ALLEGATIONS

7. **BECKNELL** began his employment with Defendant in or about March 2022, and was employed as a marketing representative.

8. **BECKNELL** always performed his assigned duties in a professional manner and was able to do his job despite being a qualified person with a disability.

9. **BECKNELL** is a person with Musculo-skeletal disabilities, which impair the major life activities of moving and working.

10. In August 2022, **BECKNELL** requested reasonable accommodations in the form of brief medical leave for trans-metatarsal amputation on both of his feet.

11. The Defendant informed **BECKNELL** that he would not be paid any wages – or commissions previously earned – while on medical leave.

12. When **BECKNELL** returned from medical leave, he was informed by his insurance carrier that he had been terminated, which caused him to incur medical bills.

13. However, **BECKNELL** remained an employee and continued working for the Defendant until November 8, 2022, which is when the Defendant informed **BECKNELL** that he was being terminated due to his health, despite the fact he was (and remains) able to perform the essential functions of his position.

14. At all material times, the Defendant was aware of **BECKNELL**'s disability and, consequently, his protected class, which is the basis for its discriminatory employment practices toward him.

15. There was no cause given at the time for the termination and the termination served no legitimate business purpose.

16. At all material times, the Defendant was aware of **BECKNELL**'s disability, which is the basis for its discriminatory employment practices toward him.

## **COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

17. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

18. At all relevant times, **BECKNELL** was an individual with a disability within the meaning of the ADAAA.

19. Specifically, **BECKNELL** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

20. **BECKNELL** is a qualified individual as that term is defined in the ADAAA.

21. **BECKNELL** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

22. At all material times, **BECKNELL** was an employee, and the Defendant was his employer covered by and within the meaning of the ADAAA.

23. **BECKNELL** has disabilities, which qualify under the ADAAA.

24. Defendant discriminated against **BECKNELL** with respect to the terms, conditions, and privileges of employment because of his disabilities.

25. Defendant conducted itself with malice or with reckless indifference to **BECKNELL**'s federally protected rights.

26. Defendant discriminated against **BECKNELL** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

27. The conduct of Defendant altered the terms and conditions of **BECKNELL**'s employment and **BECKNELL** suffered negative employment action in the form of discipline and termination.

28. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **BECKNELL** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

29. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **BECKNELL** is entitled to all relief necessary to make him whole.

30. As a direct and proximate result of the Defendant's actions, **BECKNELL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

31. **BECKNELL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.  Reasonable attorney's fees plus costs;

v.  Compensatory damages;

vi.  Punitive damages, and;

vii.  Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

32. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

33. At all relevant times, **BECKNELL** was an individual with a disability within the meaning of the FCRA.

34. Specifically, **BECKNELL** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

35. **BECKNELL** is a qualified individual as that term is defined in the FCRA.

36. **BECKNELL** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

37. At all material times, **BECKNELL** was an employee, and the Defendant was his employer covered by and within the meaning of the FCRA.

38. **BECKNELL** has disabilities, which qualify under the FCRA.

7

39. Defendant discriminated against **BECKNELL** with respect to the terms, conditions, and privileges of employment because of his disabilities.

40. Defendant conducted itself with malice or with reckless indifference to **BECKNELL**'s protected rights under Florida law.

41. Defendant discriminated against **BECKNELL** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

42. The conduct of the Defendant altered the terms and conditions of **BECKNELL**'s employment and **BECKNELL** suffered negative employment action in the form of discipline and termination.

43. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **BECKNELL** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

44. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **BECKNELL** is entitled to all relief necessary to make him whole.

45. As a direct and proximate result of the Defendant's actions, **BECKNELL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe

benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

46. **BECKNELL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE ADA- RETALIATION

47. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

48. Following **BECKNELL**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of his employment by terminating **BECKNELL**.

49. Said protected activity was the proximate cause of Defendant's negative employment actions against **BECKNELL** including changed working conditions, discipline, and ultimately termination.

50. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **BECKNELL** via changed working conditions, discipline, and termination.

51. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

52. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **BECKNELL** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

53. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **BECKNELL** is entitled to all relief necessary to make him whole as provided for under the ADA.

54. As a direct and proximate result of Defendant's actions, **BECKNELL** has suffered damages, including but not limited to, a loss of employment

opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

55. **BECKNELL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## **COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION**

56. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

57. Following **BECKNELL**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of his employment by terminating **BECKNELL**.

58. Said protected activity was the proximate cause of Defendant's negative employment actions against **BECKNELL** including changed working conditions, discipline, and ultimately termination.

59. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **BECKNELL** via changed working conditions, discipline, and termination.

60. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

61. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **BECKNELL** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

62. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **BECKNELL** is entitled to all relief necessary to make him whole as provided for under the FCRA.

63. As a direct and proximate result of Defendant's actions, **BECKNELL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64. **BECKNELL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT V – BREACH OF CONTRACT

65. The Plaintiff realleges and incorporates Paragraphs 1-5, 7-8 and 11 in this Count by reference.

66. A contract existed between the Plaintiff and the Defendant.

67. On or about February 1, 2022, the Plaintiff and Defendant entered into an employment contract.

68. Pursuant to the terms of the contract, the Defendant was to pay Plaintiff at a monthly rate of $3,750 and 2% of collected revenue of all non-construction and sub-contracted volume after 90-days of employment. Commissions were due to be paid by the 15th day of each month.

69. Both the Plaintiff and the Defendant agreed to those terms, which were clear and unambiguous.

70. The Plaintiff fully and satisfactorily performed his duties under the contract.

71. The Defendant has breached the contract by refusing to pay the Plaintiff the full amount of the sums due under the terms of the contract.

72. The Plaintiff has been damaged as a result of the Defendant's breach of the contract.

73. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, the Plaintiff respectfully demand that this Honorable Court enter judgment in favor of Plaintiff and against Defendant in the amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KENNETH BECKNELL**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: December 12, 2023  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com